**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ROBERT CRAIG MACLEOD,

                Plaintiff,

vs.                                                  Case No: 3:16-cv-464-J-34JRK

TOM BEXLEY, in his personal capacity
as a government official (Deputy Court
Clerk Flagler County, Florida),

                Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

### I. Status

This cause is before the Court on pro se Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. No. 3) and Affidavit of Indigency (Doc. No. 4), both filed April 18, 2016, that the Court construes collectively as a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 ("Motion"). On April 18, 2016, Plaintiff filed a Verified Complaint (Doc. No. 2; "Compl." or "Compl.").[2] For the reasons discussed below, the undersigned recommends that the Motion be denied and the case be dismissed without prejudice.

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] On the same day, Plaintiff also separately filed a "Preface to Verified Complaint" (Doc. No. 1).

## II.  Legal Standard

A court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security.  28 U.S.C. § 1915.  The Court's decision to grant in forma pauperis status is discretionary.  See Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983).  While a litigant need not show he or she is "absolutely destitute" to qualify for pauper status under § 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."  Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004).

A court receiving an application to proceed in forma pauperis must dismiss the case sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "In addition, a district court may sua sponte consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking."  Jackson v. Farmers Ins. Group/Fire Ins. Exch., 391 F. App'x 854, 856 (11th Cir. 2010) (unpublished) (citations omitted).  Although "pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally," Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted), a court is under no duty to "re-write" a plaintiff's complaint to find a claim, Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

## III.  Discussion

Here, it appears from the Motion that Plaintiff may be financially unable to pay the filing fee.  Whether he should be permitted to proceed in forma pauperis depends, therefore, on the sufficiency of his Complaint.

Plaintiff's Complaint, brought pursuant to 42 U.S.C. § 1983, asserts five counts against Defendant, a state court deputy clerk, seeking monetary, injunctive, and declaratory relief based on allegations that Defendant complied with a state judge's vexatious-litigant order by refusing to file Plaintiff's federal claims in state court. See generally Compl. The vexatious-litigant order, issued pursuant to Florida Statute § 68.093, dismissed Plaintiff's pending claims and imposed conditions on Plaintiff's ability to bring claims in state courts. See Compl. at 14-15; see also Compl. App. 3 (state court vexatious litigant order). Plaintiff asserts Defendant acted without jurisdiction and violated Plaintiff's rights under the United States Constitution and 18 U.S.C. § 1001. See generally Compl.

The undersigned observes that since May 2013, Plaintiff has filed twenty-two cases in this division, including the instant case, and they all appear to have similar allegations to those in the Complaint at issue here.[3] Twelve of the twenty-two cases have been dismissed for lack of jurisdiction.[4] Specifically, they were dismissed based on the Court's finding that

---

[3] See MacLeod v. Florida, No. 3:13-cv-606-J-34JBT; MacLeod v. Scott, No. 3:14-cv-753-J-32JBT; MacLeod v. Scott, No. 3:14-cv-792-J-34JRK; MacLeod v. Scott, No. 3:14-cv-793-J-39MCR; MacLeod v. Scott, No. 3:14-cv-794-J-39MCR; MacLeod v. Scott, No. 3:14-cv-805-J-34JRK; MacLeod v. Scott, No. 3:14-cv-806-J-32JBT; MacLeod v. Scott, No. 3:14-cv-812-J-39PDB; MacLeod v. Scott, No. 3:14-cv-823-J-32JRK; MacLeod v. Scott, No. 3:14-cv-830-J-32JBT; MacLeod v. Wadsworth, No. 3:14-cv-1018-J-34MCR; MacLeod v. Scott, No. 3:15-cv-932-J-39MCR; MacLeod v. Zambrano, No. 3:15-cv-1089-J-39JRK; MacLeod v. Zambrano, No. 3:15-cv-1194-J-39JBT; MacLeod v. Zambrano, No. 3:16-cv-444-J-39JBT; MacLeod v. Bexley, No. 3:16-cv-464-J-34JRK; MacLeod v. Zambrano, No. 3:16-cv-483-J-39MCR; 3:16-cv-490-J-34PDB; MacLeod v. Zambrano, No. 3:16-cv-500-J-39MCR; MacLeod v. Zambrano, No. 3:16-cv-501-J-32JRK; MacLeod v. Zambrano, No. 3:16-cv-502-J-39JRK; MacLeod v. Zambrano, No. 3:16-cv-512-J-34JBT.

[4] See Order (Doc. No. 34), MacLeod v. Florida, No. 3:13-cv-606-J-34JBT (M.D. Fla. Aug. 20, 2013); Order (Doc. No. 10), MacLeod v. Scott, No. 3:14-cv-753-J-32JBT (M.D. Fla. July 11, 2014); Order (Doc. No. 36), MacLeod v. Scott, No. 3:14-cv-792-J-34JRK (M.D. Fla. July 6, 2015); Order (Doc. No. 30), MacLeod v. Scott, No. 3:14-cv-793-J-39MCR (M.D. Fla. Jan. 14, 2015); Order (Doc. No. 25), MacLeod v. Scott, No. 3:14-cv-794-J-39MCR (M.D. Fla. Feb. 24, 2015); Order (Doc. No. 36), MacLeod v. Scott, No. 3:14-cv-805-J-34JRK (M.D. Fla. July 9, 2015); Order (Doc. No. 11), MacLeod v. Scott, No. 3:14-cv-806-J-32JBT (M.D. Fla. Sept. 26, 2014); Order (Doc. No. 43), MacLeod v. Scott, No. 3:14-cv-812-J-39PDB (M.D. Fla. Feb. 10, 2016); Order (Doc. No. 11), MacLeod v. Scott, No. 3:14-cv-823-J-32JRK (M.D. Fla. Sept. 26, 2014); Order (Doc. No. 13), MacLeod v. Scott, No. 3:14-cv-830-J-32JBT (M.D. Fla. Aug. 12, 2014); Order (Doc. No. 53), MacLeod v. Wadsworth, No. 3:14-cv-1018-J-34MCR (M.D. Fla. Oct. 6, 2015); Order (Doc. No. 14), MacLeod v. Scott, No. 3:15-cv-932-J-39MCR (M.D. Fla. Feb. 10, 2016).

(continued...)

Plaintiff's claims were barred by the Rooker-Feldman or Younger doctrines.  As Plaintiff has been instructed, the Rooker-Feldman[5] doctrine is a jurisdictional rule that precludes lower federal courts from reviewing state court judgments, Nicholson v. Shafe, 558 F.3d 1266, 1270 (11th Cir. 2009), "no matter how erroneous or unconstitutional the state court judgment may be," Brokaw v. Weaver, 305 F.3d 660, 664 (7th Cir. 2002) (citation omitted).  Similarly, the Younger[6] abstention doctrine precludes federal courts from engaging in "undue interference with state proceedings."  New Orleans Pub. Serv. Inc. v. Council of New Orleans, 491 U.S. 350, 359 (1989).  A court may abstain under Younger if (1) the state proceeding is ongoing; (2) the state proceeding "implicate[s] important state interest[s]"; and (3) the federal court plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges."  Old Republic Union Ins. Co. v. Tillis Trucking Co., 124 F.3d 1258, 1261 (11th Cir. 1997) (quoting Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Here, even liberally construed, regardless of how Plaintiff couches his claims with legal terms and case citations, Plaintiff's equitable claims ultimately seek this Court's interference with an ongoing or closed state court proceeding.[7]  As this Court has pointed out

---

[4](...continued)
At least one of these cases also addressed judicial immunity as a basis for dismissing claims against a state court clerk.  See Order (Doc. No. 53) at 3 n.2, MacLeod, No. 3:14-cv-1018-J-34MCR.

[5] See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).

[6] See Younger v. Harris, 401 U.S. 37 (1971).

[7] Although it appears that the state court proceedings at issue have ended, and thus that the Rooker-Feldman doctrine applies, the undersigned also concludes, in abundant caution, that the Younger abstention doctrine would apply to bar Plaintiff's claims if his state court proceedings are ongoing.  See, e.g., Order (Doc. No. 14) at 2-3, MacLeod, No. 3:15-cv-932-J-39MCR (finding it unclear whether the state court proceedings ended and, thus, applying both Rooker-Feldman and Younger as bases for dismissal); Order (Doc. No. 11) at 3, MacLeod, No. 3:14-cv-823-J-32JRK (same).

to Plaintiff time and time again, such claims are simply not actionable in this Court. See, e.g., Order (Doc. No. 14) at 2, MacLeod v. Scott, No. 3:15-cv-932-J-39MCR (M.D. Fla. Feb. 10, 2016) (citations omitted) (stating that "federal district courts are without jurisdiction to interfere with state-court actions that are pending or that have been completed"). Plaintiff's remedies were in state court.[8]

As to Plaintiff's claims for monetary damages, assuming these claims are not precluded by the Rooker-Feldman or Younger doctrines,[9] Defendant is entitled to absolute judicial immunity. "Court clerks 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and only qualified immunity from all other actions for damages.'" Hyland v. Kolhage, 267 F. App'x 836, 842 (11th Cir. 2008) (quoting Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir.1981)).

Here, Plaintiff asserts Defendant "complied with the acts of a judge," Compl. at 2, that he "consent[ed] to the judge," id. at 7, and that he "follow[ed] in bad faith the instructions of the judge," id. at 3. Specifically, Plaintiff asserts Defendant "provided a letter refusing to file Plaintiff's federal [42 U.S.C.] § 1983 claim in the Flagler County 7th Circuit Court citing the conditions of the [vexatious-litigant order]" that the state judge had issued. Id. at 15. In Defendant's letter that Plaintiff attaches to the Complaint, Defendant cited the state court's order as the reason why the clerk's office could not file Plaintiff's claims. See Compl. App.

---

[8] As noted by the Honorable Patricia D. Barksdale, United States Magistrate Judge, in one of Plaintiff's other cases in this Court, Plaintiff did indeed appeal the state trial court vexatious-litigant order in the appropriate Florida appellate court. See Report and Recommendation (Doc. No. 34) at 5-6, 16, MacLeod v. Scott, 3:14-cv-00812-J-39PDB; see also MacLeod v. Citibank, 125 So. 3d 304 (Fla. 5th DCA 2013) (affirming state trial court order on appeal). As to Plaintiff's state court remedies, Judge Barksdale observed as follows: "For appellate review, [Plaintiff] had Florida's Fifth District Court of Appeals. When he failed there, he could have sought review with the Florida Supreme Court and, if unsuccessful there, the United States Supreme Court." Id. at 15 (citations omitted).

[9] The United States Court of Appeals for the Eleventh Circuit has at least suggested the Rooker-Feldman doctrine does not apply to claims for monetary damages. See Drees v. Ferguson, 396 F. App'x 656, 658 (11th Cir. 2010); Sibley v. Lando, 437 F.3d 1067, 1070-71 & n.3 (11th Cir. 2005).

4. Also attached to the Complaint is the vexatious-litigant order, which expressly bars Plaintiff from submitting future pleadings without signature of counsel and payment of the appropriate filing fee, among other conditions. See Compl. App. 3, at 6. Because these documents show that Defendant acted pursuant to court order in refusing to file Plaintiff's claims in state court, Defendant is entitled to absolute immunity from Plaintiff's claims for damages here.

Accordingly, the undersigned finds Plaintiff's Complaint is subject to dismissal based on the Rooker-Feldman or Younger doctrines and judicial immunity. Although it is typically appropriate to allow a pro se plaintiff leave to amend pleadings prior to dismissal, "a district court need not allow amendment when it would be futile." Gary v. U.S. Gov't, 540 F. App'x 916, 917 (11th Cir. 2013); see also Order (Doc. No. 14) at 3, Macleod v. Scott, No. 3-15-cv-932-J-39MCR (M.D. Fla. Feb. 10, 2016). In his other cases filed in this Court, Plaintiff has been given many attempts to state a claim based on essentially the same allegations as those at issue here. All of these attempts have been unavailing because Plaintiff's claims are clearly barred for the reasons addressed above. In light of this history and the claims in the Complaint, the undersigned concludes any amendment here would be futile. See Order (Doc. No. 14) at 3, MacLeod v. Scott, No. 3:15-cv-932-J-39MCR (M.D. Fla. Feb. 10, 2016).

### IV. Conclusion

For the foregoing reasons, it is

**RECOMMENDED THAT**:

1. The Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. No. 3) and the Affidavit of Indigency (Doc. No. 4), construed collectively as a Motion to Proceed In Forma Pauperis, be **DENIED**.

2. This case be **DISMISSED without prejudice**.

3. All remaining motions be **DENIED as moot**.[10]

4. The Clerk be directed to terminate all pending motions and to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on June 16, 2016.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

clr
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Pro se party

---

[10] Currently pending before the Court are a Motion for Appointment of Counsel (Doc. No. 7) and a Motion for Leave to File Electronically (Doc. No. 8), both filed June 3, 2016